ENERGY PROBE and Western Reserve
Alliance, Petitioners,

v.

UNITED STATES NUCLEAR REGULA-
TORY COMMISSION and the United
States of America, Respondents.

No. 88–1824.

United States Court of Appeals,
District of Columbia Circuit.

April 14, 1989.

Donald L. Schlemmer, College Park, Md.,
for petitioner.

William H. Briggs, Jr., Sol., U.S. Nuclear
Regulatory Com'n, with whom E. Leo Slag-
gie, Deputy Sol., Washington, D.C., Jeffrey
Kehn and Geraldine R. Fehst, Attorneys,
were for respondents. Also entering an
appearance for respondents was Jacques B.
Gelin, Attorney, United States Department
of Justice, Washington, D.C.

ON MOTION TO DISMISS

Before MIKVA, RUTH BADER
GINSBURG and SILBERMAN, Circuit
Judges.

Opinion for the Court filed PER
CURIAM.

PER CURIAM:

Joint petitioners Energy Probe and West-
ern Reserve Alliance seek to challenge the
United States Nuclear Regulatory Commis-
sion's (NRC) denial of their request, made
under 10 C.F.R. § 2.206 (1988), to suspend
the Perry Nuclear Power Plant's operating
license because of alleged safety deficien-
cies. For the reasons stated below, we
dismiss the petition for review as untimely.

The Administrative Orders Review Act,
28 U.S.C. § 2341 *et seq.* (1982) (the Hobbs
Act), vests the court of appeals with "ex-

clusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of ... all final orders of [the NRC] made reviewable by section 2239 of title 42...." 28 U.S.C. § 2342(4) (1982). *See* 42 U.S.C. § 2239 (1982) (providing for review of orders entered "[i]n any proceeding under this chapter, for granting, suspending, revoking or amending of any license or construction permit ..."). *See also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 746, 105 S.Ct. 1598, 1608, 84 L.Ed.2d 643 (1985) (holding that the Hobbs Act vests in the court of appeals initial judicial review authority over an NRC order denying a petition under 10 C.F.R. § 2.206 for suspension of an operating license). Section 2344 of the Hobbs Act further specifies:

> On the entry of a final order reviewable under this chapter, the agency shall promptly give notice thereof by service or publication in accordance with its rules. Any party aggrieved by the final order may, *within 60 days after its entry*, file a petition to review the order in the court of appeals wherein venue lies.

28 U.S.C. § 2344 (1982) (emphasis added). This sixty-day period "is jurisdictional in nature, and may not be enlarged or altered by the courts." *National Resources Defense Council v. Nuclear Regulatory Comm'n*, 666 F.2d 595, 602 (D.C.Cir.1981). *See* Fed.R.App.P. 26(b) (court of appeals may not enlarge the time prescribed by law for filing a notice of appeal from an order of an administrative agency).

NRC has moved for dismissal of the instant petition as untimely because it was filed more than sixty days after entry of final agency action. On August 14, 1988, the Director of the Nuclear Reactor Regulation denied petitioners' request to suspend Perry Nuclear Power Plant's operating license. At that time, the Director also informed petitioners that under 10 C.F.R. § 2.206(c)(1), his ruling would become final twenty-five days after the date of issuance, unless the Commission accepted discretionary review. By letter dated and stamped "served" September 13, 1988, the Secretary of the NRC separately informed Energy Probe and Western Reserve of the Commission's decision not to review the Director's ruling. Because petitioners did not file for review until November 23, 1988, more than sixty days after the Secretary's September 13, 1988 letter, NRC maintains that the petition is untimely.

Petitioners argue that the sixty-day time period did not begin to run until September 26, 1988, when Western Reserve actually received the Secretary's letter informing it that the Director's decision had become final. Prior to issuance of the Director's August 14, 1988 decision, Western Reserve had relocated its office and NRC was unable to locate the new address until sometime in early September 1988. As a result, Western Reserve did not promptly receive either the Director's August 14 decision or the Secretary's September 13 letter. We disagree with petitioners' assertion that the sixty-day period commences upon actual receipt of the agency's final order.

■ The Hobbs Act states that petitions for review of a final agency order must be filed within sixty days after its "entry." 28 U.S.C. § 2344. The date of "entry," which starts the running of the sixty-day period, is the date on which the order is signed, the Commission's seal is affixed, and the order is served. *See Chem–Haulers, Inc. v. United States*, 536 F.2d 610, 614–15 (5th Cir.1976). In addition, NRC regulations provide that service may be accomplished by first class mail and is complete on deposit in the United States mail. 10 C.F.R. §§ 2.712(c), (d)(3) (1988).

■ Here, the Secretary's letter informing petitioners of the Commission's final action was signed and stamped "served" on September 13, 1988. The sixty-day period therefore began to run from that date. Significantly, the delay in Western Reserve's receipt of both the August 14 decision and the September 13 letter was occasioned primarily by its failure to provide NRC with its new address. Fur-

thermore, it appears that Energy Probe promptly received both the August 14 Director's decision and the Secretary's September 13 letter. Energy Probe and Western Reserve were joint petitioners before NRC and this court, and are represented in this court by the same counsel. The assertion that the sixty-day time period should not begin to run until Western Reserve actually received the September 13, 1988 letter is thus all the more unpersuasive.

We also note that the delay in Western Reserve's receipt of the September 13 letter did not significantly prejudice its ability to timely file for review. Western Reserve actually received the Secretary's letter on September 26, 1988. Thus, it still had forty-seven days from that date to file a timely petition for review. *Cf. Gardner v. FCC*, 530 F.2d 1086, 1091 n. 24 (D.C.Cir. 1976) ("a defect in mailing notification will have legal consequence only where the delay in notification in fact makes it impossible reasonably for the party to comply with the filing statute").

In sum, we hold that the date of "entry," which commences the running of the sixty-day period for filing for review under the Hobbs Act, is the date on which the agency's final decision is signed and served. Because the instant petition was filed more than sixty days after that date, it is untimely. We therefore have no authority under the governing statute, sections 2342(4) and 2344 of the Hobbs Act, 28 U.S.C. §§ 2342(4) and 2344, to entertain the merits of petitioners' claims. Accordingly, the petition for review is dismissed.