951 F.2d 1186
 57 Fair Empl.Prac.Cas. (BNA) 900,
58 Empl. Prac. Dec. P 41,264, 60 USLW 2462,
21 Fed.R.Serv.3d 1005
 MESA AIRLINES, a corporation, Petitioner,
v.
UNITED STATES of America; Department of Justice, Office of
Special Counsel for Immigration Related Unfair
Employment Practices, Respondents.
In re Charge of Zeki Yeni KOMSU.
 No. 89-9552.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 17, 1991.
 
 Gary Risley, General Counsel for Mesa Airlines, Inc., Farmington, N.M., for petitioner.
 Andrew M. Strojny, Acting Sp. Counsel, and Daniel Echavarren, Acting Deputy Sp. Counsel, U.S. Dept. of Justice, Office of Sp. Counsel for Immigration Related Unfair Employment Practices, Washington, D.C., on the brief for respondent.
 Before LOGAN, SEYMOUR, Circuit Judges, and SPARR, District Judge.*
 SEYMOUR, Circuit Judge.
 
 
 1
 On January 12, 1988, the Special Counsel for Immigration Related Unfair Employment Practices (Special Counsel) filed two complaints against Mesa Airlines, Inc. (Mesa) pursuant to the Immigration Reform and Control Act (IRCA), 8 U.S.C. § 1324b (1988). The Special Counsel charged Mesa with refusing to employ Mr. Zeki Yeni Komsu as a pilot because he was not a citizen of the United States, and with engaging in a pattern and practice of discriminatory hiring on the basis of citizenship. Administrative Law Judge Marvin Morse (ALJ) heard the complaint, and found that Mesa had refused to hire Mr. Komsu in violation of section 1324b(a)(1)(B) and had engaged in a pattern and practice of discrimination. Mesa petitioned this court to review that finding. We dismiss Mesa's appeal for lack of appellate jurisdiction.
 
 
 2
 Judge Morse set forth his findings in a "Final Decision and Order" dated and signed on July 24, 1988. The next day, July 25, Judge Morse's secretary served the order on the parties by mail. Sixty-three days after the date of the order, on September 25, 1989, the Clerk of the Tenth Circuit Court of Appeals received and filed Mesa's Petition for Review. The Special Counsel moved to dismiss the petition as untimely filed.
 
 
 3
 A party may seek review of the decision or order of an Administrative Law Judge in an unlawful immigration-related employment practice case "[n]ot later than 60 days after the entry of such final order." 8 U.S.C. § 1324b)(i)(1); 28 CFR § 68.51(b).[1] This time limit is jurisdictional and not discretionary. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (thirty days for appealing civil judgment jurisdictional); Selco Supply Co. v. EPA, 632 F.2d 863, 864 (10th Cir.1980) (sixty days for appealing EPA order jurisdictional), cert. denied, 450 U.S. 1030, 101 S.Ct. 1740, 68 L.Ed.2d 225 (1981). The Federal Rules of Appellate Procedure provide that the "day of the act ... from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, a Sunday, or a legal holiday." Fed.R.App.P. 26(a); 28 C.F.R. § 68.7(a) (same). Moreover, "filing shall not be timely unless the papers are received by the clerk within the time fixed for filing." Fed.R.App.P. 25(a). Although both the IRCA and the applicable regulation provide that the time for filing an appeal shall run from "entry" of the order, neither one defines entry. If the order was "entered" when the ALJ signed and dated it on July 24, Mesa had to file its appeal no later than Friday, September 22. In that event, Mesa's appeal was untimely when it reached the Clerk on September 25, and we must dismiss. If instead the order was not "entered" until it was mailed on July 25, then we have jurisdiction over the appeal.[2]
 
 
 4
 The order of a federal district court is deemed entered at that point when it is both set forth in a document separate from a judge's opinion and memorandum and is reflected in an appropriate notation on the docket. Herrera v. First Northern Sav. & Loan Ass'n, 805 F.2d 896, 899 (10th Cir.1986); Fed.R.Civ.P. 58. Unlike the Federal Rules, however, the IRCA does not require that decisions be recorded on a chronological docket. Compare Fed.R.Civ.P. 79(a) (requiring docket of all events, kept in chronological order) with 28 C.F.R. §§ 68.1 et seq. Because the Executive Office of Immigration Review does not keep a docket sheet, the Federal Rules' definition of "entry" in the context of judicial actions is inapplicable. Cf. Chem-Haulers, Inc. v. United States, 536 F.2d 610, 615 (5th Cir.1976) (judicial rules on filing for review inapplicable to review of Interstate Commerce Commission order because I.C.C. lacks official docket).
 
 
 5
 Those cases that have interpreted similar statutes hold that in the absence of a docket, entry is effected when the order is made public. In Chem-Haulers, for example, the Fifth Circuit concluded that an order of the ICC was entered only when it was "final, complete, and a matter of public record." 536 F.2d at 616 (interpreting the Administrative Orders Review Act, 28 U.S.C. § 2344, which runs from "entry" of order). See also Western Union Tel. Co. v. FCC, 773 F.2d 375, 376 (D.C.Cir.1985) (F.C.C. orders statutorily deemed "entered" upon public notice); cf. Southern Pac. Pipe Lines, Inc. v. United States Dep't of Transp., 796 F.2d 539, 540 n. 1 (D.C.Cir 1986) (time for petitioning for judicial review runs from date of public notice when statute, 49 U.S.C. [App.] § 2005(a), refers to date of "issue"); National Black Media Coalition v. FCC, 760 F.2d 1297, 1300 (D.C.Cir.1985) (public notice, rather than personal service, begins period for appeal under statute giving 30 days from "public notice"). The focus on public notice both creates a clear cut-off date, and assures that courts do not prematurely review agency action. "A decision becomes a final decision when it is both complete and passes out of the control of the authority by being released to the interested parties or to the public in decisional form without any immediate intention of recall or reconsideration." City of Gallup v. FERC, 702 F.2d 1116, 1123 (D.C.Cir.1983).
 
 
 6
 We hold that, absent evidence to the contrary, an order that is not entered on any docket is nonetheless "entered" for purposes of running the time for appeal on the date it is signed and dated by the ALJ. In so doing, we decline to adopt Mesa's proffered alternative. The case tracking sheet to which Mesa refers us is nothing more than an index to the contents of the original case file kept at the Office of the Administrative Hearing Officer in Arlington, Virginia, and has none of the legal significance of a docket. Were we to run the time for appeal from the date printed on the case tracking sheet, we would need an affidavit in each case from the Office of the Chief Administrative Hearing Officer to determine whether the petition for review was timely. We are unwilling to complicate this issue or to undermine the bright-line date restriction.
 
 
 7
 We do not believe that service of the order on July 25 is relevant to our calculation.[3] The D.C. Circuit has held that the lack of private notice to the parties will not prevent the time for appeal from running once the FCC has given public notice of its decision. National Black Media Coalition, 760 F.2d at 1299.[4] In the case before us, Judge Morse wrote that his decision was "final" and "so ordered" on July 24, 1989. Final Decision and Order at 71. Mesa itself referred to Judge Morse's decision as "the Order ... which was entered on July 24th, 1989." Petition for Review at 1 (emphasis added). We have no reason to believe that this order was not made public on the day it was signed and dated.[5]
 
 
 8
 We deny Mesa's request for five extra days of mailing time under 28 C.F.R. § 68.7(c)(2). That regulation allows the extra days only when "a party has the right ... to take some action within a prescribed period after the service of a [document]." Id. (emphasis added). Since Mesa's right to appeal ran from sixty days of entry of the order, the five day extension does not apply.
 
 
 9
 Nor is Mesa entitled to extra time for excusable neglect. Rule 26(b) forbids this court from granting extra time for filing an appeal from an order of an administrative agency "except as specifically authorized by law." Fed.R.App.P. 26(b). Neither the rule governing such appeals, the IRCA, or the regulations thereunder provide for any time extensions. See Fed.R.App.P. 15(a); 8 U.S.C. § 1324b(i)(1); 28 C.F.R. §§ 68.1 et seq. Federal Rule of Appellate Procedure 4(a)(5), which allows the district court to extend the time for appeal upon a showing of excusable neglect, does not apply to appeals from agency orders. Fed.R.App.P. 20 (Rules 3-14 not applicable to review of orders of agencies).
 
 
 10
 Mesa's Petition for Review is therefore DISMISSED for lack of jurisdiction.
 
 
 
 *
 Honorable Daniel B. Sparr, U.S. District Judge for the District of Colorado, sitting by designation
 
 
 [1]
 The Interim Final Rules in effect at the time of the filing of this appeal were codified at 28 C.F.R. Part 68. Final Rules were adopted on November 24, 1989 and published in the same section. No changes other than numbering were made to the sections relevant to this appeal
 
 
 [2]
 The sixtieth day after July 25, 1989 was a Saturday. Therefore, the last day for filing an appeal under this statute after entry of an order on July 25 was Monday, September 25
 
 
 [3]
 Indeed, Mesa does not make this argument itself
 
 
 [4]
 Our result is not contrary to that in Chem-Haulers. The Fifth Circuit held in that case that an ICC order becomes final when it is "signed, the Commission seal is affixed, and the order is served." 536 F.2d at 613. We agree with the D.C. Circuit that Chem-Haulers' reference to service contemplates public service. See National Black Media Coalition, 760 F.2d at 1300. We also note that unlike the instant case, the court in Chem-Haulers signed, sealed, and served its order all on the same day--nearly two weeks after it decided to affirm
 
 
 [5]
 Had Mesa inquired after the status of its case and been unable to learn about its disposition, we might agree that the order was not in fact "public" when signed and dated