**RAINSONG COMPANY, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**U.S. Department of Agriculture, Respondent–Intervenor.**

No. 97–70914.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1998.

Decided Aug. 19, 1998.

Kurt Denke, Seattle, Washington, for petitioner.

Timm L. Abendroth, Federal Energy Regulatory Commission, Washington, DC, for respondent.

Jared A. Goldstein, United States Department of Justice, Washington, DC, for respondent-intervenor.

Before: GOODWIN, SNEED, and KLEINFELD, Circuit Judges.

GOODWIN, Circuit Judge:

Rainsong Company appeals the Federal Energy Regulatory Commission's (the "Commission") denial of its application for a license to build a hydroelectric dam. Rainsong contends that the Commission directly contravened this court's instructions upon remand and asks this court either to grant its license or remand the application for an evidentiary hearing before a special master. We dismiss the appeal for lack of jurisdiction as the notice of appeal was not timely.

## Facts and Procedural Background

This is the second time that Rainsong has appealed an adverse decision by the Commission to this court. The underlying facts of this case can be found in our opinion *Rainsong Co. v. FERC*, 106 F.3d 269, 271–72 (9th Cir.1997).

On the first appeal, we reversed and remanded the matter to the Commission. We held that "[t]he Commission's presumptive reliance on the Forest Services's 1990 Plan to determine the purpose for which Olympic National Forest was created or acquired constitutes and impermissible interpretation of its statutory mandate." *Id.* at 275 (internal quotations omitted).

We found that " 'Congress intended national forests to be reserved for only two purposes-to conserve the water flows, and to furnish a continuous supply of timber for the people.' " *Rainsong*, 106 F.3d at 275 (quoting *United States v. New Mexico*, 438 U.S. 696, 707–08, 98 S.Ct. 3012, 57 L.Ed.2d 1052 (1978)). " 'National forests were not to be reserved for esthetic, environmental, recreational, or wildlife preservation purposes.' " *Id.* (quoting *New Mexico*, 438 U.S. at 708, 98 S.Ct. 3012).

On remand, the Commission again denied Rainsong's application. Rainsong petitioned for rehearing, which the Commission denied in an order dated June 13, 1997.[1] Rainsong filed its notice of appeal on August 15, 1997,

---

1. Rainsong questions whether June 13 is the actual date the order was issued. Rainsong's Reply Brief at 25 n. 11. The Commission attached an affidavit to its brief from the Secretary stating that the order was issued on June 13, 1997. The Secretary refers to an attached Public Reference Room Log, where the order is listed as Number 42. The Secretary, however, wrote down the number to the right (# 75). This was clearly a simple mistake.

63 days after the order denying its petition for rehearing.

### Discussion

For this court to have jurisdiction, a party must file its notice of appeal within 60 days "after the order of the Commission." 16 U.S.C. § 825*l*(b); *Sierra Assoc. for Environment v. FERC*, 791 F.2d 1403, 1406 (9th Cir.1986). Under Federal Rule of Appellate Procedure 26(b), this court may not "enlarge the time prescribed by law for filing . . . a notice of appeal from, an order of an administrative agency . . . except as specifically authorized by law."

In this case, Rainsong filed its notice of appeal 63 days after the Commission posted a full-text copy with the Division of Public Information, but within 60 days of the time that the Commission mailed the order to Rainsong. Thus, whether this court has jurisdiction turns on whether "after the order of the Commission" refers to the date the order was posted or the date the order was mailed to Rainsong.

The Commission argues that "after the order of the Commission" refers to the date when the order is issued. Its regulations provide that an order is:

> deemed issued when the Secretary does the earliest of the following:
>
> (i) Posts a full-text in the Division of Public Information;
>
> (ii) Mails or delivery copies of the order to the parties; or
>
> (iii) Makes such copies public.

18 C.F.R. 385.2007(b). *See also* 18 C.F.R. § 385.2007(c) (Orders are effective on date issued.). Under the Commission's interpretation of "date issued", we lack jurisdiction.

We agree with the Commission's reading for two reasons. First, Congress has explicitly provided that "[o]rders of the Commission shall be effective on the date and in the manner which the Commission shall prescribe." 16 U.S.C. § 825h. Second, the regulation is directly on point. The regulation specifically deals with the date that an order is issued, so it naturally follows to use this regulation to determine the meaning of "after the order of the Commission."

Rainsong argues that the time should not begin to run before the Commission mailed notification because the Commission failed to comply with 18 C.F.R. § 385.2010, which provides that documents must be served upon the parties "not later than the filing of the document." As the Commission did not mail the order until June 18, Rainsong claims that the order could not be filed any earlier than June 18, and accordingly the notice of appeal was timely.

Rainsong's argument fails for three reasons. First, relevant caselaw has directly rejected Rainsong's argument. In *National Black Media Coalition v. FCC*, 760 F.2d 1297, 1299 (D.C.Cir.1985), the appellants argued that "they reasonably relied on the [Federal Communications] Commission to provide the legally required notification, and that the otherwise applicable deadline must therefore be extended lest the Commission profit from its own violation of the law." The FCC claimed, however, that the time started when it had made a full text copy of the decision available to the press and public in the Commission's Information Office. *See id.* at 1299 n. 2. Then–Judge Scalia rejected the appellant's argument, writing that the "appellants are asking us to create for ourselves otherwise nonexistent jurisdiction, in a fashion that cannot be grounded in the statutory text." *Id.* at 1299.[2]

---

**2.** *National Black Media* is distinct from this case in that the statute there explicitly tied the time period to public notice. 47 U.S.C. § 402(c). Nevertheless, the case properly stands for the proposition that an agency's failure to comply with regulations requiring service cannot toll or restart the clock. This proposition directly contradicts Rainsong's argument. Rainsong contends that such a ruling "invites agency abuse and could be used systematically to shorten or even eliminate a party's time for seeking judicial review." Rainsong's Reply Brief at 27–28. But

no such case is presented here; Rainsong introduced no evidence of abuse. Moreover, as the order said on its face "issued June 13," appellant could calculate that under the regulations the deadline for filing an appeal was August 12. Accordingly, no substantial prejudice resulted from the apparently unintentional delay. We need not address the case where an agency intentionally violates its regulations and notifies a party of its decision so late that the party cannot file a timely notice of appeal. We decide only

The logic of *National Black Media* can be found in other contexts. For example, the Tenth Circuit followed the D.C. Circuit in *Mesa Airlines v. United States*, 951 F.2d 1186, 1188–89 (10th Cir.1991). In this case, the appellant filed his notice of appeal 63 days after an Administrative Law Judge signed and dated his order. Focusing on public notice, the Tenth Circuit stated that "[w]e do not believe that service of the order ... is relevant to our calculation." *Id.* at 1188.

■ Second, were this court to follow Rainsong's interpretation of "after the order of the Commission," two-thirds of 18 C.F.R. § 385.2007 would be rendered surplusage. Section 385.2007 states that an order is issued on the earliest of three events, one of which is service upon the parties. If this court rules that service is a prerequisite for the time period to begin, then the other two events contemplated by § 385.2007–posting copies in the Division of Public Information or making copies public–become irrelevant. "Of course, in the construction of administrative regulations, as well as statutes, it is presumed that every phrase serves a legitimate purpose and, therefore, constructions which render regulatory provisions superfluous are to be avoided." *Hart v. McLucas*, 535 F.2d 516, 519 (9th Cir.1976).

Third, it is not clear that the regulation Rainsong relies upon is relevant. Section 385.2010 deals simply with service. Nothing in the regulation indicates that it affects when an order is deemed effective or issued.

Rainsong points to caselaw that states that the time period for notice of appeal does not commence until service is initiated, but such cases do not apply here. *See City of Batavia v. FERC*, 672 F.2d 64, 72 n. 14 (D.C.Cir.1982) (Issue date when order placed in mail.); *B.J. McAdams, Inc. v. ICC*, 551 F.2d 1112, 1115 (8th Cir.1977) ("[T]he time period for filing the petition for review began to run on the date McAdams received notice of the order.").

the case before us, in which service of the order was required Friday June 13, but was not made

These cases do not apply because they did not face choosing between service and alternate means of triggering the time period for notice of appeal. In *City of Batavia*, the Commission agreed that service was the trigger but failed to credit a day for a holiday. *City of Batavia*, 672 F.2d at 72–74. In *McAdams*, the Eighth Circuit had to decide whether the discretionary filing of a petition with the agency restarted the clock. *McAdams*, 551 F.2d 1114–15. Thus, neither of these cases address the issue before us.

We hold that "after the order of the Commission" refers to the date the order is deemed issued. Pursuant to the regulation, which we have been shown no cause to believe was unreasonably applied in this case, the order was "issued" on June 13. Rainsong's notice of appeal was filed 63 days after the order was issued and is therefore untimely. Accordingly, we do not have jurisdiction of the appeal, and the appeal is DISMISSED.

until Wednesday June 18.