# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1441

_____

Bennett Brown; Robert Schultes, M.D.;    *
Pamela Mackey Taylor; Iowa            *
Physicians for Social Responsibility,   *
                                    *
         Petitioners,             *
                                    *
     v.                           *    Appeal from the
                                    *    Nuclear Regulatory Commission.
Nuclear Regulatory Commission;     *
United States of America,          *       [PUBLISHED]
                                    *
         Respondents,         *
                                    *
Central Iowa Power Cooperative; Corn   *
Belt Power Cooperative; NextEra      *
Energy, Inc.,                     *
                                    *
         Intervenors.          *

_____

Submitted: June 21, 2011
Filed: July 12, 2011

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

      Petitioners Bennett Brown, Dr. Robert Schultes, Pamela Mackey Taylor, and Iowa Physicians for Social Responsibility seek review of a decision by the Nuclear

Regulatory Commission (NRC) under the Atomic Energy Act, 42 U.S.C. § 2201, et seq., to renew the operating license of the Duane Arnold Energy Center (DAEC) in Palo, Iowa. The three joint owners of DAEC are intervenors in this action. For the reasons stated below, we dismiss the petition for review as untimely.

The Administrative Orders Review Act, 28 U.S.C. § 2341, et seq. (Hobbs Act), confers jurisdiction in courts of appeals to review final orders of the NRC that are "made reviewable" by 42 U.S.C. § 2239. See 28 U.S.C. § 2342(4). As relevant, section 2239 allows review of orders entered in proceedings under the Atomic Energy Act to grant, suspend, revoke, or amend any license or construction permit. See 42 U.S.C. § 2239. The Hobbs Act further specifies, "On the entry of a final order reviewable under this chapter, the agency shall promptly give notice thereof by service or publication in accordance with its rules. Any party aggrieved by the final order may, *within 60 days after its entry*, file a petition to review the order in the court of appeals wherein venue lies." See 28 U.S.C. § 2344 (emphasis added). The 60-day filing period is jurisdictional. See Neb. State Legislative Bd., United Transp. Union v. Slater, 245 F.3d 656, 658 (8th Cir. 2001).

The government has moved for dismissal of the instant petition as untimely. The government argues that the final order renewing DAEC's license was entered for purposes of the Hobbs Act on December 16, 2010. This was the date that the renewed license became effective, the NRC signed and transmitted the renewed license to DAEC's owners, and the NRC issued a press release on its website announcing the renewal. Petitioners, on the other hand, take the position that the 60-day time period did not begin to run until December 29--the date that notice of the license renewal was published in the Federal Register--because only then, they argue, did it become a matter of public record.

The order at issue is not the product of a rulemaking proceeding, because it is not a rule of general application. Rather, it is a renewed license specifically applicable

to DAEC and its owners. In these circumstances, we agree with the government that the order was entered for purposes of the Hobbs Act on December 16, because this was the date that the order was final and complete, and became a matter of public record, by being signed and served to DAEC's owners without intent to recall or reconsider. See Energy Probe v. U.S. Nuclear Regulatory Comm'n, 872 F.2d 436, 437-38 (D.C. Cir. 1989) (date of "entry" is date on which agency's final decision is signed and served); Chem-Haulers, Inc. v. United States, 536 F.2d 610, 616 (5th Cir. 1976) (period for seeking Hobbs Act review of Interstate Commerce Commission order began on date that order was signed, seal was affixed, and order was served); see also Mesa Airlines v. United States, 951 F.2d 1186, 1188 (10th Cir. 1991) (interpreting Immigration and Nationality Act, 8 U.S.C. § 1342b; decision becomes final when it is complete and passes out of agency's control by release to interested parties or public in decisional form without immediate intent to recall or reconsider); cf. U.S. Dep't of Agric. v. Kelly, 38 F.3d 999, 1002 (8th Cir. 1994) (interpreting judicial review period under Horse Protection Act, 15 U.S.C. § 1821; where date on order and service of order did not coincide, appeal period began on date reflected on face of order).

Petitioners point to a Federal Communications Commission (FCC) regulation which states that an FCC order is not final and entered until it is published in the Federal Register. We find no similar regulation by the NRC, however, and we decline Petitioners' invitation to extend the FCC regulation to the NRC order at issue. Cf. Associated Gas Distribs. v. Fed. Energy Regulatory Comm'n, 738 F.2d 1388, 1391 (D.C. Cir. 1984) (per curiam) (administrative agencies have considerable latitude in determining event that triggers commencement of judicial review period); Chem-Haulers, Inc., 536 F.2d at 614-15 (agency's interpretation of statutory terms relating to its own procedures regarding date of entry of orders is entitled to deference absent compelling precedent or reason to contrary).

The NRC order at issue was entered on December 16, 2010, and the petition for review was not filed until February 28, 2011.  The petition was filed 14 days late, and accordingly, we dismiss it for want of appellate jurisdiction.

_____