**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN B. KERN,

Petitioner,

v.

SECURITIES AND EXCHANGE
COMMISSION,

Respondent.

No. 18-9525
(SEC No. 3-15249)
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

John B. Kern, an attorney proceeding pro se, has petitioned for review of seven

orders of the Securities and Exchange Commission (SEC).  The orders were entered in

2013 and 2014 in connection with a cease-and-desist proceeding in which he was named

as a respondent.  Mr. Kern argues that the administrative law judge (ALJ) who presided

over the proceeding was an inferior officer who was not appointed consistently with the

Appointments Clause of the United States Constitution.  *See Bandimere v. SEC*, 844 F.3d

1168, 1188 (10th Cir. 2016) (setting aside SEC enforcement order, on grounds that SEC

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ALJ held his office unconstitutionally), *petition for reh'g en banc denied*, 855 F.3d 1128 (10th Cir.), *petition for cert. filed* (U.S. Sept. 29, 2017) (No. 17-475).

We previously entered an order requiring Mr. Kern to show cause why this petition should not be dismissed for lack of jurisdiction, due to its untimeliness. He filed a response. We also ordered the SEC to respond to Mr. Kern's motion for a stay pending review. In its response, the SEC contends the petition for review is untimely.

By statute, a petition for review must be filed within 60 days of the entry of an appealable SEC order. *See* 15 U.S.C. §§ 77i, 78y(a)(1), 80b-13. Mr. Kern filed his petition for review on April 23, 2018, several years after the 60-day deadline had passed to seek review of any of the orders he has cited.

Mr. Kern argues he is entitled to equitable tolling of the deadline for filing his petition for review. But this court is not permitted to "extend the time to file . . . a notice of appeal from or a petition to . . . review an order of an administrative agency, board, commission, or officer of the United States, unless specifically authorized by law." Fed. R. App. P. 26(b)(2); *see also Mesa Airlines v. United States*, 951 F.2d 1186, 1189 (10th Cir. 1991) ("Rule 26(b) forbids this court from granting extra time for filing an appeal from an order of an administrative agency except as specifically authorized by law." (internal quotation marks omitted)). Mr. Kern points to no statute or regulation providing this court with authority to extend the time period for filing a petition for review from the SEC's orders.

Mr. Kern argues that the SEC's alleged constitutional violation is ongoing. He points to a letter he received from an SEC attorney dated March 27, 2018, in which the

agency threatened to file an action in the United States District Court for the District of South Carolina if he failed to respond to its collection efforts. He fails to show how this threat of future action provides this court with jurisdiction over his untimely petition for review from the seven orders he specified.

Finally, Mr. Kern argues that his challenge to the ALJ's jurisdiction to act implicates the agency's subject-matter jurisdiction and may be brought at any time, either directly or collaterally. But a challenge to the agency's lack of jurisdiction does not extend our *appellate* jurisdiction to entertain an untimely petition for review.[1]

This petition for review is dismissed for lack of appellate jurisdiction. We deny Mr. Kern's motion for stay pending resolution of the petition for review, and the SEC's motion to extend the deadline to file the administrative record or certified list, as moot.

Entered for the Court
Per Curiam

---

[1] Mr. Kern also suggests, citing 15 U.S.C. § 78y(a)(5), that this court could remand the case to the SEC "to adduce additional material evidence" that would show he had "reasonable ground[s] for failure to adduce the reasoning and findings in Bandimere before the Agency at the time of the lower proceedings." Aplt. Mem. Br. at 2. Even if we had jurisdiction to remand this case to the SEC, he fails to show that further factual development on this issue could do anything to cure the untimeliness of his petition for review.